UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

UNITED STATES OF AMERICA

      Plaintiff

-vs-                                                       Case No. 3:19-cr-16

SHAWN WILLIAMS,                            Judge Thomas M. Rose

      Defendant

___

ENTRY AND ORDER DENYING DEFENDANT'S MOTION
TO REVOKE DETENTION ORDER PURSUANT TO 18 U.S.C. 3145(b) (DOC. 40)

___

On March 30, 2020, Defendant Shawn Williams, by and through counsel, filed a Motion to Revoke Detention Order Pursuant to 18 U.S.C. 3145 (b) (Doc. 40), requesting that he be released on his own recognizance with home confinement with 24-hour lockdown, while this matter is pending. The basis for said Motion is the COVID-19 pandemic sweeping across the country and globe. The Government filed a Response (Doc. 41) opposing the Defendant's Motion. The Court convened a teleconference hearing on the record on April 7, 2020 pursuant to this Court's General Order 20-07.  Present by phone was Attorney Cheryll Bennett, representing Defendant and AUSA Andrew Hunt representing the Government. Defendant by agreement was not present.

On January 9, 2019 a Complaint was filed charging Defendant with felon in possession of a firearm in violation of 18 U.S.C. 922(g)(1) and 924(a)(2). (Doc. 1)  Upon the finding of probable cause, Magistrate Judge Sharon Ovington issued an arrest warrant the same day. (Doc. 2). Defendant was arrested and had his initial appearance on January 10, 2019, before Magistrate Judge Ovington and was remanded into custody. Subsequently, on January 15, 2019, Judge Ovington conducted a detention hearing at which time the Court denied the Government's Motion for Pretrial Detention granting Defendant an appearance bond with conditions of release.

A grand jury, on January 22, 2019, subsequently returned an Indictment (Doc. 11) against Defendant for possession of a firearm after having been convicted of a felony offense, in violation of 18 U.S.C. 922(g) (1). On March 8, 2019 Defendant filed a Motion to Suppress (Doc. 15), which was heard by the Court on June 3, 2019, and subsequently denied on September 9, 2019. During the pendency of said Motion to Suppress the Court ordered a warrant–detainer for Defendant on August 12, 2019, based upon a Petition and Order for Action alleging violations of his conditions of supervision. Defendant was detained that same day.

On September 10, 2019 a grand jury returned a Superseding Indictment (Doc. 31) against Defendant for possession of a firearm after having been convicted of a felony offense in violation of 18 U.S.C. 922 (g)(1) and felon in possession of firearm plus forfeiture in violation of 18 U.S.C. 922 (g)(1) and 924 (a)(2).

As concerning the Defendant's COVD-19 argument, the Court must in the first instance, make an individualized assessment of the factors identified by the Bail Reform Act 18 U.S.C. 3142: (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the person; (3) and the history and characteristics of the person; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the Defendant's release. The Court finds that based upon the factors before the Court, there are no conditions or combination of conditions of release that would reasonably assure the appearance of the Defendant and the safety of the community. After Defendant's initial release in this case he was again arrested on new charges, including the discovery of three firearms and drug paraphernalia. Defendant was detained based on those charges. The Court finds Defendant has a significant criminal history and has been non-compliant with past and now current supervision. The Court finds that Defendant has not in the past and would not now comply with supervision conditions.

As to the additional new factor of the COVID-19 pandemic, it can certainly constitute new information having a material bearing on whether there are conditions of release that will reasonably assure the safety of the community and the appearance of detained defendants. The Bail Reform Act explicitly directs courts to consider, among other things, a defendant's medical condition. Of course this is particularly relevant information in the current landscape of a global pandemic.

The Court would find that Defendant is not at an increased risk of being infected with

the virus because he is confined in the Montgomery County Jail. The Court has been apprised that said facility has procedures in place to prevent the contracting and/or spread of the virus. These procedures include suspension of most visits and the screening of those visitors that are permitted ; the screening of all new detainees and inmates; the quarantining of any prisoners that may show COVID-19 symptoms; cleaning measures and steps to educate detainees about measures that can be taken to avoid contracting or spreading the virus. Said jail appears to be taking reasonable steps to combat the spread of COVID-19. The U.S. Marshals contact daily the facilities in which prisoners are detained, including this facility,  and as of the date of this order no confirmed case of the virus has been reported. The Defendant does not have an increased health risk if he is infected with the virus and, therefore,  this factor alone does not outweigh the other factors considered by the Court. Defendant, based on the seriousness of the crimes charged and other factors of the Bail Reform Act, is too great a danger to be released.

       Having considered these factors, the Court finds that Defendant's Motion must be DENIED. Defendant is a danger to the community and a flight risk and there are no conditions of release that would reasonably assure the safety of the community and the appearance of the Defendant.

       Said Motion is DENIED.    IT IS SO ORDERED.

April 16, 2020

_____

Date

*s/Thomas M. Rose

_____

Judge Thomas M. Rose
United States District Court