UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| United States of America, | : | |
| | : | |
| Plaintiff, | : | Case No. 3:19-cr-016 |
| | : | |
| v. | : | Judge Thomas M. Rose |
| | : | |
| Shawn W. Williams, | : | |
| | : | |
| Defendant. | : | |

**ENTRY AND ORDER GRANTING MOTION TO WITHDRAW MOTION FOR COMPASSIONATE RELEASE AND WITHDRAW AS COUNSEL, (DOC. 65); AND TERMINATING MOTION FOR COMPASSIONATE RELEASE (DOC. 61).**

Pending before the Court is Defendant's Motion for a Reduction of Sentence Under the Compassionate Release Provisions Pursuant to 18 U.S.C. 3582(c)(1)(A), the First Step Act of 2018. (Doc. 61).  Also pending before the Court is Motion to Withdraw Motion for Compassionate Release and Withdraw as Counsel. (Doc. 65).  The second motion would terminate Defendant's Motion for Compassionate Release. (Doc. 61).

Counsel was appointed to assist Defendant. (Doc. 62). Counsel asserts that no non-frivolous basis for seeking compassionate release exists. (Doc. 65). The Government has not responded.  Because there is no basis for granting Defendant's motion for compassionate release, the Motion to Withdraw Motion will be **GRANTED**.

**I. BACKGROUND**

Defendant Shawn Williams wrote to the Court:

> I am incarcerated at Gilmer Federal Correctional Institution.
> I am writing you because I want to file[] for a compassionate release.

> But I don't know how[] or have the ability to file at this moment. Because of the COVID-19 protocols that are in place.
>
> I am asking you, Judge Rose, and the Court. If possible, to appoint me a lawyer to help and assist me in filing for a compassionate release.

Doc. 61. The Court appointed Counsel. Doc. 62.

On May 20, 2022, Counsel moved to withdraw, informing the Court:

> Counsel has obtained all pertinent court records from Mr. Williams' underlying case based upon the record and docket. Counsel received the pertinent medical records from Bureau of Prisons in mid-April, 2022. As previously articulated by undersigned counsel, the basis for the Motion for Compassionate Release from Defendant's December 21, 2021 hand-written petition appeared to be the health concerns of Defendant Williams while incarcerated. After a careful review of those records, counsel must notify this Court that there is nothing of substance to add to Defendant Williams' Motion for Compassionate Release based upon the BOP records received. …Undersigned counsel cannot argue to this Court in good faith that the medical records reviewed provide the necessary "extraordinary and compelling" circumstances justifying the grant of Defendant's Motion for Compassionate Release. Therefore, counsel notifies this Court that there appears to be no meritorious basis for the Motion and counsel moves to withdraw as counsel for Defendant Shawn W. Williams.

Doc. 65, PageID 334-35.

Williams is imprisoned because on August 8, 2019, when Williams, who had been previously convicted of a felony offense, possessed multiple firearms inside his home in Dayton. (R. 47, Plea Agreement, PageID 218.) He also possessed a firearm during an earlier police encounter on January 7, 2019. (Id.) Williams entered a guilty plea to Count Two of the Superseding Indictment, namely "Possession of a firearm after having been previously convicted of a felony offense," in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2).

While a guideline range of 70-87 months applied based on a Criminal History Category IV and a net offense level of 23. (R. 49, Final Presentence Report, PageID 271.) Pursuant to Rule

11(c)(1)(C) of the Federal Rules of Criminal Procedure, the parties agreed to recommend that Williams receive a sentence of not more than 70 months of imprisonment. (R. 47, Plea Agreement, PageID 215.) He was sentenced to 60 months of imprisonment.

Defendant is now 39 years old and confined at Gilmer FCI with a release date of November 1, 2023. *See* https://www.bop.gov/inmateloc. FCI Gilmer is currently following the BOP's intense Covid protocols. Currently, no inmates at Gilmer have Covid, but one staff member does. Among the inmates, 295 have recovered from the disease, as have 143 staff members. One inmate has died from the disease. https://www.bop.gov (August 2, 2022).

## II. ANALYSIS

Defendant filed a *pro se* motion which the Court interpreted to be a request that the Court grant him a reduction in sentence as permitted by 18 U.S.C. § 3582(c)(1)(A)(i). Doc. 61. Section 603(b) of the First Step Act, which was signed into law on December 21, 2018, modified 18 U.S.C. § 3582 to allow a defendant to bring a motion on his or her own behalf either "[1] after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or [2] the lapse of 30 days from the receipt of such request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A); Pub L. No. 115-391, 132 Stat. 5194; *see also United States v. Alam*, 960 F.3d 831, 833-34 (6th Cir. 2020) ("If the Director of the Bureau of Prisons does not move for compassionate release, a prisoner may take his claim to court only by moving for it on his own behalf. To do that, he must fully exhaust all administrative rights to appeal with the prison or wait 30 days after his first request to the prison," and "[p]risoners who seek compassionate release have the option to take their claim to federal court within 30 days, no matter the appeals available to them") (internal quotation marks omitted) (alterations adopted).

3

A district court has limited authority to modify a sentence.  "Generally speaking, once a court has imposed a sentence, it does not have the authority to change or modify that sentence unless such authority is expressly granted by statute."  *United States v. Hammond*, 712 F.3d 333, 335 (6th Cir. 2013).  Section 3582(c)(1)(A) grants such authority in certain limited circumstances.  It provides in part:

> The court may not modify a term of imprisonment once it has been imposed except that—in any case—the court … may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in [18 U.S.C.] section 3553(a) to the extent that they are applicable, if it finds that extraordinary and compelling reasons warrant such a reduction … and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A)(i).  Thus, the Court can modify a term of imprisonment if it finds that (1) "extraordinary and compelling reasons warrant such a reduction," (2) "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission," and (3) such a reduction is appropriate "after considering the factors set forth in section 3553(a) to the extent that they are applicable."  18 U.S.C. § 3582(c)(1)(A)(i); *see also United States v. Kincaid*, 802 F. App'x 187, 188 (6th Cir. 2020); *United States v. Spencer*, No. 20-3721, 2020 U.S. App. LEXIS 28051, at *4, 2020 WL 5498932 (6th Cir. Sept. 2, 2020).

First, commentary to an applicable policy statement issued by the Sentencing Commission identifies four, relatively narrow, circumstances in which "extraordinary and compelling reasons" may exist.  *See* 28 U.S.C. § 994(t) ("The Commission, in promulgating general policy statements regarding the sentencing modification provisions in section 3582(c)(1)(A) of title 18, shall describe what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples").  United States Sentencing Commission,

Guidelines Manual, § 1B1.13, at cmt. n.1 (Nov. 1, 2018) (Reduction in Term of Imprisonment Under 18 U.S.C. § 3582(c)(1)(A) (Policy Statement)). Those four circumstances are: (A) Medical Condition of the Defendant; (B) Age of the Defendant; (C) Family Circumstances; and (D) other extraordinary and compelling reasons. *Id.* Each of the four circumstances has its own parameters. *Id.* Commentary also confirms that, "[p]ursuant to 28 U.S.C. § 994(t), rehabilitation of the defendant is not, by itself, an extraordinary and compelling reason for purposes of this policy statement." *Id.* at cmt. n.3; *see also United States v. Keefer*, No. 19-4148, 2020 U.S. App. LEXIS 32723, at *6-7, 2020 WL 6112795 (6th Cir. Oct. 16, 2020) ("[i]n Application Note 1 to § 1B1.13, the Commission also listed the 'extraordinary and compelling reasons' that might entitle a defendant to a sentence reduction").

Second, that same applicable policy statement also requires that the defendant not be "a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." *Id.*; *see also Kincaid*, 802 F. App'x at 188; *Spencer*, 2020 U.S. App. LEXIS 28051, at *4 ("[t]he district court must also find that the defendant is not a danger to the safety of any other person or to the community") (internal quotation marks omitted). Section 3142(g) provides factors to be considered in making that "danger to the safety" determination.

Specifically, 18 U.S.C. § 3142(g) states:

> (g) Factors to be considered. The judicial officer shall, in determining whether there are conditions of release that will reasonably assure the appearance of the person as required and the safety of any other person and the community, take into account the available information concerning—
>
> (1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence, a violation of section 1591 [18 USCS § 1591], a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device;

5

>(2) the weight of the evidence against the person;
>
>(3) the history and characteristics of the person, including—
>
>(A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and
>
>(B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and(4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release. In considering the conditions of release described in subsection (c)(1)(B)(xi) or (c)(1)(B)(xii) of this section, the judicial officer may upon his own motion, or shall upon the motion of the Government, conduct an inquiry into the source of the property to be designated for potential forfeiture or offered as collateral to secure a bond, and shall decline to accept the designation, or the use as collateral, of property that, because of its source, will not reasonably assure the appearance of the person as required.

18 U.S.C. § 3142(g); *see also United States v. Jones*, No. 20-3748, 2020 U.S. App. LEXIS 32451, at *4-5 (6th Cir. Oct. 14, 2020).

Third, the factors set forth in Section 3553(a) "include, among others, 'the nature and circumstances of the offense'; the defendant's 'history and characteristics'; the need for the sentence imposed to reflect the seriousness of the offense, provide just punishment, and afford adequate deterrence; and the need to avoid unwarranted sentencing disparities." *Jones*, 2020 U.S. App. LEXIS 32451, at *6 (quoting 18 U.S.C. § 3553(a)(1), (2), (6)).

Finally, it remains that "compassionate release is discretionary, not mandatory." *United States v. Chambliss*, 948 F.3d 691, 693 (5th Cir. 2020); *see also* 18 U.S.C. § 3582(c)(1)(A)(i) (stating that a court "may" reduce the term of imprisonment); *Keefer*, 2020 U.S. App. LEXIS 32723, at *7 ("The statute's plain text makes evident the discretionary nature of a compassionate-

6

release decision," and "the statute lists factors that, when present, *permit* a district court to reduce a sentence") (emphasis in original).

Defendant has not exhausted his administrative remedies. This would suffice to block his request, had the Government raised it as an objection. However, the Court has the power to dismiss *sua sponte* where the record shows a dispositive but waivable defense. See, e.g., *Garnett v. Sw. Airlines Co.*, 829 F. App'x 506, 506 (11th Cir. 2020) ("Although *res judicata* is an affirmative defense subject to waiver, a district court can *sua sponte* raise the issue when it has already decided the same claim."); *Salas v. Tillman*, 162 F. App'x 918, 920-21 (11th Cir. 2006) (explaining, in the context of a constitutional-tort action, that district court "had the authority to sua sponte dismiss [plaintiff's] claims for failure to exhaust before service of process"); see also *Bingham v. Thomas*, 654 F.3d 1171, 1175 (11th Cir. 2011) ("A complaint may be dismissed if an affirmative defense, such as failure to exhaust, appears on the face of the complaint."). Which is to say, the Court can reject Defendant's request *sua sponte*.

But Defendant's counsel has filed a motion to withdraw the request, comparing his situation to the filing of an *Anders* brief in which appellate counsel can find no meritorious assignments of error on appeal, in this case, undersigned counsel cannot in good faith identify any circumstances that would support the grant of Defendant's Motion for Compassionate Release based upon "extraordinary and compelling" circumstances. Doc. 65, PageID 335; compare *United States v. Ramos*, No. CR12-4101-LTS, 2021 WL 4507464, at *1 n.1 (N.D. Iowa Oct. 1, 2021). Ideally, this request might have been accompanied by a motion to file Defendant's records under seal, so that the Court might independently review whether any basis for relief might exist, as is done in the *Anders* situation. Id., citing *Anders v. California*, 386 U.S. 738, 744 (1967) (requiring *Anders* briefs to "refer[ ] to anything in the record that might arguably support the appeal."). The

7

Court is in receipt of Defendant's request, however, and, moreover, is acquainted with Defendant's personal background and criminal history. Doc. 49, PageID 260.

The Court may only reduce a sentence pursuant to 18 U.S.C. § 3582(c)(1)(A) if, "after considering the factors set forth in § 3553(a) to the extent that they are applicable," the Court "finds that" "extraordinary and compelling reasons warrant such a reduction" "and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A).

The mere existence of the COVID-19 pandemic, which poses a general threat to every non-immune person in the country, does not fall into either of those categories and therefore could not alone provide a basis for a sentence reduction. The categories encompass specific serious medical conditions afflicting an individual inmate, not generalized threats to the entire population. As the Third Circuit has held, "the mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release." *United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020). To classify COVID-19 as an extraordinary and compelling reason would not only be inconsistent with the text of the statute and the policy statement, but would be detrimental to B.O.P.'s organized and comprehensive anti-COVID-19 regimens, could result in the scattershot treatment of inmates, and would undercut the strict criteria BOP employs to determine individual inmates' eligibility for sentence reductions and home confinement. Section 3582(c)(1)(A) contemplates sentence reductions for specific individuals, not the widespread prophylactic release of inmates and the modification of lawfully imposed sentences to deal with a world-wide viral pandemic.

That does not mean, however, that COVID-19 is irrelevant to a court's analysis of a motion under § 3582(c) (1) (A). If an inmate has a chronic medical condition that has been identified by

the CDC as elevating the inmate's risk of becoming seriously ill from COVID-19, that condition may satisfy the standard of "extraordinary and compelling reasons." Under these circumstances, a chronic condition (i.e., one "from which [the defendant] is not expected to recover") reasonably could be found to be "serious" and to "substantially diminish[ ] the ability of the defendant to provide self-care within the environment of a correctional facility," even if that condition would not have constituted an "extraordinary and compelling reason" absent the risk of COVID-19. U.S.S.G. § 1B1.13, cmt. n.1(A)(ii)(I). But as part of its analysis of the totality of circumstances, the Court should consider whether the inmate is more likely to contract COVID-19 if he or she is released than if he or she remains incarcerated. That will typically depend on the inmate's proposed release plans and whether a known outbreak has occurred at his or her institution.

In this case there is no evidence of extraordinary and compelling reasons warrant the reduction, but even if there were, in light of Defendant's criminal history, including rape of an 11 year-old, the Court cannot conclude that Defendant is not a danger to the safety of any other person or to the community. Considering Defendant's challenging childhood and criminal history, the Court hopes that Defendant will benefit from the processes of release from the Bureau of Prisons and Supervised Release. Even when a defendant is able to demonstrate a potentially "extraordinary and compelling reason," compassionate release is not necessarily appropriate. Under the applicable policy statement, the Court must deny a sentence reduction unless it determines the defendant "is not a danger to the safety of any other person or to the community." U.S.S.G. § 1B1.13(2). Additionally, the Court must consider the § 3553(a) factors, as "applicable," as part of its analysis. *See* § 3582(c)(1)(A); *United States v. Chambliss*, 948 F.3d 691, 694 (5th Cir. 2020). Here, "the nature and circumstances" of Defendant's crime weighs against relief. 18 U.S.C. § 3553(a)(1). Defendant's "history and characteristics" do not support

9

relief. 18 U.S.C. § 3553(a)(1). Reduction of Defendant's sentence at this point would thus fail to fully address these purposes of sentencing. Defendant, unfortunately, has no meaningful family support. In view of the § 3553 sentencing factors, compassionate release is improper here. *See* § 3582(c)(1)(A).

### III. CONCLUSION

Defendant does not meet the requirements necessary to be granted relief under 18 U.S.C. § 3582(c)(1)(A). Because in this instance, even if Defendant demonstrated extraordinary and compelling reasons that might entitle him to a sentence reduction, the Court would not grant compassionate release, the Court **GRANTS** Motion to Withdraw Motion for Compassionate Release and Withdraw as Counsel. (Doc. 65) and **TERMINATES** Defendant's Motion for Compassionate Release. (Doc. 61).

**DONE** and **ORDERED** in Dayton, Ohio, this Monday, August 8, 2022.

s/Thomas M. Rose

THOMAS M. ROSE
UNITED STATES DISTRICT JUDGE